USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/24/2019____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEISHA ROBINSON,

           Plaintiff,

-against-

US Dept. Justice US DEA; US Attorney Office; NYS Police; NYS Trooper; Saratoga County DA Office; Saratoga County DA Karen Heggen; Saratoga County Sheriff's Dept; Saratoga County Sheriff Michael Zurlo; Sergeant Keith Clinton; their officers, agents and employees; John Doe/Unknown federal, state, county, City Officers #1–100; and US Marshals,

           Defendants.

19 Civ. 459 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On January 16, 2019, Plaintiff *pro se*, Keisha Robinson, filed a complaint against a number of municipal, state, and federal Defendants, alleging claims that arise out of the seizure of her vehicle by the United States Drug Enforcement Administration (the "DEA"). Compl., ECF No. 1. On February 13, 2019, Defendant the New York State Police filed a motion to dismiss the claims against it for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 8. On February 27, 2019, Defendants Saratoga County Sheriff's Department, Saratoga County Sheriff Michael Zuro, Sergeant Keith Clinton, Saratoga County District Attorney Karen Heggen, and the Saratoga County District Attorney's Office (the "Saratoga Defendants") filed a separate motion to dismiss the claims against them for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 20.[1] Plaintiff did not oppose either motion.

## DISCUSSION

    "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citations omitted).

    To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). A plaintiff is not required to provide "detailed factual allegations," but must assert "more than

---

[1] On May 10, 2019, Defendants the United States Department of Justice, the DEA, the United States Attorneys' Office, and the United States Marshals filed a motion to dismiss, which is pending before this Court. ECF No. 23.

labels and conclusions." *Twombly*, 550 U.S. at 555. Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Pleadings cannot survive by making "naked assertions devoid of further factual enhancement," and a court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted).

*Pro se* plaintiffs receive special solicitude from courts. Courts must "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (citations omitted). However, even for a *pro se* plaintiff, "conclusory allegations masquerading as factual conclusions [] are insufficient to defeat a motion to dismiss." *Jackson v. Cty. of Rockland*, 450 F. App'x 15, 19 (2d Cir. 2011) (internal quotation marks and citation omitted).

With respect to the New York State Police's motion, the Eleventh Amendment to the Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This means that "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks, citation, and alteration omitted). The New York State Police is a division of the executive department of New York. N.Y. Exec. Law § 210. It has not waived its immunity, nor has Congress abrogated it. Therefore, the Court does not have jurisdiction over Plaintiff's claims against it, and these claims are DISMISSED.

With respect to the Saratoga Defendants' motion, Plaintiff invokes a number of federal statutes and rules concerning seizures of property in the civil and criminal contexts. *See* Compl. at 11[2] (invoking 21 U.S.C. § 881, 19 U.S.C. §§ 1602–1619, 18 U.S.C. § 983, 28 C.F.R. pts. 8 & 9, and Rule G of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions).[3] However, none of these statutes authorize lawsuits against state entities or individuals acting under the color of state law. Moreover, Plaintiff makes no allegations concerning the Saratoga Defendants in her complaint. *See McCoy v. Goord*, 255 F. Supp. 2d 233, 258 (S.D.N.Y. 2003) ("It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." (internal quotation marks and citation omitted)). Therefore, Plaintiff has failed to state a claim against the Saratoga Defendants, and these claims are DISMISSED.

## CONCLUSION

Accordingly, the claims against the New York State Police are DISMISSED for lack of subject matter jurisdiction, and the claims against the Saratoga Defendants are DISMISSED for failure to state a claim. Because even "a liberal reading of the complaint" does not give "any indication that a valid claim might be stated," the Court denies Plaintiff leave to amend the complaint as against these Defendants. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)

---

[2] Citations to the complaint are to the page number generated by the CM/ECF system.
[3] Plaintiff also invokes the First Amendment, but later specifies that that claim is specific to her claims against the DEA. Compl. at 3, 18.

(internal quotation marks and citation omitted).  "The problem with [the complaint's] causes of action is substantive; better pleading will not cure it."  *Id.*

       The Clerk of Court is directed to (1) terminate the motions at ECF Nos. 8 and 20; (2) terminate Defendants the New York State Police, Saratoga County Sheriff's Department, Saratoga County Sheriff Michael Zuro, Sergeant Keith Clinton, Saratoga County District Attorney Karen Heggen, and the Saratoga County District Attorney's Office from the action; and (3) mail a copy of this order to Plaintiff *pro se*.

       SO ORDERED.

Dated: June 24, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge