USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/11/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEISHA ROBINSON,

                Plaintiff,

-against-

US Dept. Justice US DEA; US Attorney Office; NYS Trooper; their officers, agents and employees; John Doe/Unknown federal, state, county, City Officers #1–100; and US Marshals,

                Defendants.

19 Civ. 459 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On January 16, 2019, Plaintiff *pro se*, Keisha Robinson, filed a complaint against a number of municipal, state, and federal Defendants, alleging claims that arise out of the seizure of her vehicle by the United States Drug Enforcement Administration (the "DEA"). Compl., ECF No. 1. Defendants the United States Department of Justice, the DEA, the United States Attorney's Office, the United States Marshals Service, and all remaining federal officials and entities sued in their official capacities (collectively, the "Federal Defendants") filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 23. Plaintiff did not oppose the motion. For the reasons stated below, the Federal Defendants' motion is GRANTED, and Plaintiff's claims against the Federal Defendants are DISMISSED.

## BACKGROUND

The following facts are taken from the complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).

On March 4, 2018, the DEA seized Plaintiff's vehicle, as well as money and personal property that were inside it, on the assumption that the property belonged to another individual,

Cleveland Francis, a non-party. Compl. at 13.[1]  The seizure was conducted in connection with an arrest for a drug crime.  Gov't Mem. at 1, ECF No. 24.  The DEA sent Notices of Seizure of Property and Initiation of Administrative Forfeiture Proceedings, dated May 2, 2018, to both Plaintiff and Francis.  Compl. at 87–90.  In May 2018, Plaintiff submitted a claim in the administrative forfeiture proceedings requesting the return of her vehicle.  *See id.* at 13, 92–93, 111–112, 118–119.  On June 28, 2018, Plaintiff resubmitted her claim.  *Id.* at 64–65.

On August 17, 2018, the DEA informed Plaintiff that the United States Attorney's Office for the Northern District of New York had declined to commence a forfeiture action against her vehicle, and that the DEA was "returning [Plaintiff's] asset described as a 2008 Lexus ES350 as soon as possible." *Id.* at 60.  However, Plaintiff refused to retrieve her vehicle because she objected to language on Form DEA-292, which the DEA had asked her to sign before picking up the vehicle, as Plaintiff construed certain language on the form to require a waiver of her right to sue the DEA and other entities.  *Id.* at 55–62.

By letter dated December 27, 2018, however, the DEA changed course and notified Plaintiff that "[t]he only form you will be asked to sign is a USM-102 which certifies that you received and are accountable for the property." *Id.* at 24.  The USM-102 form does not contain the waiver language of Form DEA-292 to which Plaintiff had objected.  *Compare id.* at 54 *with id.* at 57.

On January 16, 2019, Plaintiff commenced this action, requesting that the Court: (1) "[s]top the abandonment" of her vehicle; (2) return the vehicle and "all monetary and personal effects (e.g. skis, cell phones, etc.) present in the vehicle at the time of seizure;" (3) compensate Plaintiff for "damages to the vehicle, the cost of personal vehicle loans from

---

[1] The Court refers to the ECF page numbers.

friends/relatives and/or rental vehicles and transportation costs that the plaintiff has had to incur;" and (4) "preserve the plaintiff and the plaintiff's minor sons' rights to sue the DEA et al in future litigations [i.e. plaintiff is not required to sign Form DEA-292 (7/2017)]" under the First Amendment. *Id.* at 18 (brackets in original).

On June 24, 2019, the Court granted motions to dismiss filed by various state and local law enforcement entities named in the complaint. ECF No. 30. On August 14, 2019, Plaintiff retrieved her vehicle from the DEA. ECF No. 35.

**DISCUSSION**

I. <u>Legal Standard</u>

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). A plaintiff is not required to provide "detailed factual allegations," but must assert "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Pleadings cannot survive by making "naked assertions devoid of further factual enhancement," and a court is not "bound to

3

accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted).

*Pro se* plaintiffs receive special solicitude from courts. Courts must "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (citations omitted). However, even for a *pro se* plaintiff, "conclusory allegations masquerading as factual conclusions [] are insufficient to defeat a motion to dismiss." *Jackson v. Cty. of Rockland*, 450 F. App'x 15, 19 (2d Cir. 2011) (internal quotation marks and citation omitted).

II. <u>Analysis</u>

A. Equitable Claims

The Court first addresses the Federal Defendants' argument that Plaintiff's equitable claims stemming from the seizure of her vehicle, including her First Amendment claim to preserve the right to sue, are moot. A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," *Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir. 2001) (internal quotation marks and citation omitted), and a court can no longer provide any relief that could effectively redress the parties' claimed injuries, *In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999). Approximately seven months after commencing this action, Plaintiff retrieved her vehicle. ECF No. 35. As such, her vehicle is no longer at risk of abandonment, and the Court has no reason to believe that the effects within the vehicle were not also returned to Plaintiff. Therefore, her requests that the Court (1) "[s]top the abandonment" of her vehicle, and (2) return the vehicle and "all monetary and personal effects (e.g. skis, cell phones, etc.) present in the vehicle at the time of seizure," Compl. at 18, and associated equitable claims, can no longer be considered "live."

Moreover, the Court concludes that the request to "preserve the plaintiff and the plaintiff's minor sons' rights to sue the DEA et al in future litigations [i.e. plaintiff is not required to sign Form DEA-292 (7/2017)]" under the First Amendment, *id.* (brackets in original), is similarly moot. Despite initially requiring a signed Form DEA-292, the DEA later informed Plaintiff that she would be allowed to retrieve her vehicle by completing a USM-102 form instead, which does not include the waivers that Plaintiff found objectionable. Compl. at 24, 54, 57. Because Plaintiff has retrieved her vehicle, and there is no indication that she was required to sign Form DEA-292 or waive her or her sons' rights to sue, the Court concludes that Plaintiff's claims regarding Form DEA-292 are moot.

Accordingly, the Federal Defendants' motion to dismiss Plaintiff's equitable claims is GRANTED, and Plaintiff's claims to (1) "[s]top the abandonment" of her vehicle, (2) return the vehicle and its effects to Plaintiff, and (3) permit the return without requirement of a signed Form DEA-292 are DISMISSED.

B.  Damages

Next, the Court addresses Plaintiff's remaining claim, which seeks recovery for "damages to the vehicle, the cost of personal vehicle loans from friends/relatives and/or rental vehicles and transportation costs that the plaintiff has had to incur." Compl. at 18. The Federal Defendants argue that such monetary claims are barred by sovereign immunity and Plaintiff's failure to exhaust administrative remedies. Gov't Mem. at 7–13. The Court agrees.

"Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed." *United States v. Nordic Village*, 503 U.S. 30, 33 (1992) (internal quotation marks and citation omitted). Plaintiff's reliance on various statutes and regulations to seek damages is misplaced. *See* Compl. at 11 (citing 21 U.S.C. § 881 (no explicit waiver of sovereign immunity); 18 U.S.C. § 983 (same); 19 U.S.C. §§ 1602–1619 (same); 28 C.F.R. Parts

8 and 9, and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions (same)). The Court does not find, in the complaint's litany of statutory authority, explicit permission to sue the Federal Defendants. Such claims must be dismissed.[2]

Construing Plaintiff's complaint liberally, she might also be asserting claims under Federal Rule of Criminal Procedure 41(g), or the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680. The Court addresses each cause of action in turn, and concludes, nevertheless, that neither provision waives sovereign immunity.

"Federal Rule of Criminal Procedure 41(g) permits a person aggrieved by the government's unlawful seizure or deprivation of property to move for specific relief: the property's return." *Adeleke v. United States*, 355 F.3d 144, 149 (2d Cir. 2004). "[W]here no criminal proceedings against the movant are pending or have transpired, a motion for the return of property is treated as a civil equitable proceeding." *Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992) (internal quotation marks, citation, and alterations omitted). However, "Rule 41(g), which simply provides for the return of seized property, does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property." *Adeleke*, 355 F.3d at 151. Accordingly, any request for compensation pursuant to Rule 41(g) is barred.

Next, to the extent Plaintiff seeks to bring a claim under the FTCA, that claim is also barred because the statute's limited waiver of sovereign immunity does not apply here. The FTCA "permit[s] the United States to be sued for injury or loss of goods or property in law enforcement custody for purposes of forfeiture." *Adeleke*, 355 F.3d at 154 (citing 28 U.S.C.

---

[2] The Court does not, by examining these authorities for explicit waiver of sovereign immunity, deem that Plaintiff properly invoked them in the first place. For instance, to the extent Plaintiff relies on forfeiture laws for her claims, such statutes are likely inapplicable because no judicial forfeiture proceeding appears to have been commenced against the vehicle. *See* Compl. at 52. Regardless, such claims would be barred by sovereign immunity.

6

§ 2680(c)(1)–(4)).  In other words, the waiver applies only insofar as Plaintiff sues for harm to or loss of her property in government custody.  The complaint, however, is devoid of such allegations.  *See generally* Compl.  At most, the complaint could be construed as seeking compensation in the event that any of her property is damaged, but Plaintiff does not allege that any items were in fact harmed or lost.  Therefore, even reading "pleadings liberally and interpret[ing] them to raise the strongest arguments that they suggest," *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (internal quotation marks and citations omitted), the § 2680(c) waiver does not apply.

Finally, the Court concludes that, even if Plaintiff had alleged injury or loss of property, she has failed to exhaust administrative remedies as a prerequisite to filing suit under the FTCA. *See* 28 U.S.C. § 2675(a) (setting forth exhaustion requirements).  Plaintiff has not presented administrative tort claims to the DEA, a first step in pursuing administrative redress.  *See* Marcia N. Tiersky Decl. ¶ 5, ECF No. 26.  Because "the Second Circuit has consistently held that the FTCA's exhaustion requirement is jurisdictional and cannot be waived," *Liriano v. ICE/DHS*, 827 F. Supp. 2d 264, 269 (S.D.N.Y. 2011), Plaintiff's FTCA claim is independently dismissed for failure to exhaust administrative remedies.

Accordingly, the Federal Defendants' motion to dismiss Plaintiff's damages claim is GRANTED, and Plaintiff's request for compensation is DISMISSED.

## CONCLUSION

For the foregoing reasons, the Federal Defendants' motion to dismiss is GRANTED, and Plaintiff's claims against the DEA, the United States Department of Justice, the United States Attorney's Office, the United States Marshals Service, and all remaining federal officials and entities are DISMISSED.

Because even "a liberal reading of the complaint" does not give "any indication that a

7

valid claim might be stated," the Court denies Plaintiff leave to amend the complaint as against these Defendants. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted). "The problem with [the complaint's] causes of action is substantive; better pleading will not cure it." *Id.*

The Clerk of Court is directed to (1) terminate the motion at ECF No. 23; (2) terminate the United States Department of Justice, the United States Drug Enforcement Administration, the United States Attorney's Office, and the United States Marshals Service from the action; and (3) mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: February 11, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge